# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT BENJAMIN HANSON,<br><br>Defendant. | Criminal No. 04-208 (2) (JRT/FLN)<br>Civil No. 07-4416 (JRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Kimberly A. Svendsen and Jeffrey M. Bryan, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Scott B. Hanson, 12922 Keller Avenue North, Hugo, MN, 55038, defendant *pro se*.

On December 14, 2004, following a jury trial, defendant Scott Hanson was convicted of multiple counts of violating the Clean Water Act. Hanson was sentenced to 30 months imprisonment and is presently serving a one-year term of supervised release. Hanson has now filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that the prosecution used perjured testimony from two key government witnesses to secure his conviction. For the reasons discussed below, the Court denies Hanson's motion.

**BACKGROUND**

Defendant Scott Hanson was convicted by a jury of one count of conspiracy to violate the Clean Water Act, eight counts of violation of the Clean Water Act, and two counts of failure to make required notifications to regulatory agencies.[1] Following his conviction, Hanson filed a motion for acquittal and a motion for a new trial. Hanson made various arguments in support of the motions, including (1) that there was insufficient evidence to sustain the conviction, (2) that two of the convictions were based on statutes that were unconstitutionally vague, and (3) that two convictions violated his Fifth Amendment right against self-incrimination. This Court denied Hanson's motions for acquittal and for a new trial in an order dated August 3, 2005.

Hanson filed a notice of appeal on June 6, 2006, but later filed a motion to dismiss his appeal, which the Eighth Circuit granted on November 8, 2006. Hanson then filed the present § 2255 motion to vacate, set aside, or correct his conviction and sentence.[2] Hanson alleges that the prosecution committed misconduct by knowingly using perjured testimony from two key government witnesses in securing his conviction.

Hanson first alleges that Terry Bergeron, an employee of co-defendant Prime Plating, initially testified that Prime Plating foreman James Meissner was the only person

---

[1] Defendants Prime Plating, Inc. and Arlyn Hanson were also convicted of various Clean Water Act violations.

[2] Hanson initially filed a petition for a writ of habeas corpus in a separate civil action pursuant to 28 U.S.C. § 2241. The district court construed Hanson's § 2241 motion as a motion to vacate under § 2255, and directed the Clerk of Court to re-file the motion under the original criminal case number in this case.

who directed him to illegally discharge untreated waste water, and that Meissner would sometimes consult with Hanson prior to giving such directions. According to Hanson, Bergeron then changed his testimony on cross-examination by the prosecution, and testified that he also received instructions from Hanson to discharge the waste water. Additionally, Hanson alleges that Bergeron testified falsely that he was not smoking marijuana on May 20, 2003, the date he was fired from Prime Plating. Special Agent Matthew Lundeen later testified that on May 20, 2003, Bergeron called the Maple Grove Police Department and told them that he was smoking marijuana.

Hanson also alleges that James Meissner testified falsely that Hanson had sold him marijuana over a ten year period. Hanson argues this testimony was false because Meissner could not remember the amount he had paid Hanson for the marijuana, and because Meissner testified inconsistently about the number of times he smoked marijuana.

## ANALYSIS

**I.    HANSON'S § 2255 MOTION**

Section 2255 provides persons in federal custody[3] a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence and conviction prescribed by the court. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979). However, a § 2255 motion is "not a substitute for direct appeal; it is intended to

---

[3] Hanson is considered "in custody" for purposes of § 2255 during his term of supervised release. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

afford federal prisoners a remedy identical in scope to federal habeas corpus." *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (internal quotations omitted). The failure to raise an issue on direct appeal generally constitutes a procedural default that bars a defendant from raising the issue for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).

A defendant may under certain circumstances be excused from this "procedural default" rule, however. For example, a defendant may overcome procedural default by showing both (1) "cause" excusing the default, and (2) actual prejudice from the alleged errors.[4] *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Cause requires a showing of "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To show actual prejudice, Hanson must show that the alleged errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with

---

[4] An exception to the procedural default rule also applies to a defendant's claim of actual factual innocence. *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). To prove actual innocence a defendant must show that, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). The actual innocence exception requires a defendant to "support his allegations of constitutional error with *new* reliable evidence . . . that was not presented at trial." *Id.* at 324 (emphasis added); *Johnson v. Norris*, 170 F.3d 816, 817-18 (8th Cir. 1999). Hanson has not argued that he is entitled to § 2255 relief on grounds that he is actually innocent of the various charges. The Court notes, however, that Hanson has not pointed to any new evidence that would make it more likely than not that no reasonable juror would have convicted him. Hanson's procedural default is therefore not excused through use of an actual innocence claim.

error of constitutional dimensions." *Frady*, 456 U.S. at 170. If a defendant fails to show "cause," the Court need not address whether the alleged errors constitute prejudice. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007).

Because Hanson failed to raise a prosecutorial misconduct claim on direct appeal, the Court finds that his claim is procedurally defaulted.[5] To overcome the procedural default, Hanson must therefore demonstrate "cause" that prevented him from raising the claim, and "actual prejudice" resulting from the alleged perjury. Hanson points to no external factor, such as government interference or the unavailability of a factual basis, as cause for failing to raise his prosecutorial misconduct claim on direct appeal. Hanson argues instead that he did not raise this claim on appeal because his attorney did not advise him of the unconstitutionality of his conviction. It is well-settled, however, that attorney error resulting in a procedural default is not sufficient "cause" unless the attorney's performance was constitutionally deficient. *Murray*, 477 U.S. at 488; *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005). The Court must therefore determine whether defense counsel's failure to raise Hanson's prosecutorial misconduct claim constitutes ineffective assistance of counsel.

The standard for evaluating whether an attorney's performance is constitutionally ineffective was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, to support a valid ineffective assistance claim, a

---

[5] Hanson initially filed a notice of appeal of his conviction to the 8th Circuit, but then voluntarily dismissed the appeal without raising any grounds for relief. The Court further notes that Hanson did not raise perjury allegations or prosecutorial misconduct in his post-trial motions for judgment of acquittal and for a new trial.

defendant must show both that his counsel's performance was deficient and that the defendant was prejudiced by that deficient performance.  *Id.*   To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotations omitted). The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.   To satisfy the second prong of *Strickland*, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

The Court finds that Hanson has failed to satisfy the first prong of *Strickland*. Hanson presents no evidence or argument in support of an ineffective assistance claim, but merely states that his counsel failed to advise him of the unconstitutionality of his conviction.  Nor has the Court found any factual basis that would support Hanson's claim of prosecutorial misconduct.   To demonstrate a due process violation based on prosecutorial misconduct, Hanson must show "(1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict."  *See United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005).  Even accepting Hanson's claim that the inconsistencies in the testimony of Bergeron and

Meissner rise to the level of perjury,[6] there is simply no evidence in the record suggesting that the prosecution knew or should have known of any perjured testimony.

Because there is insufficient evidence in support of Hanson's prosecutorial misconduct claim, the Court finds that his counsel's failure to raise that claim on appeal did not fall below an objective standard of reasonableness and thus was not deficient under *Strickland*. As such, counsel's alleged error is not constitutionally deficient and does not establish "cause" to excuse the procedural default for purposes of § 2255 review. The Court concludes that Hanson's prosecutorial misconduct claim is procedurally barred, and his motion to vacate, set aside, or correct his sentence is therefore denied.

Hanson's motion also suggests, but does not explicitly argue, that the prosecution presented insufficient evidence at trial to establish Hanson's guilt on the various charges of Clean Water Act violations. The government argues that an insufficiency of the evidence claim is not cognizable in a § 2255 motion. *See United States v. Norton*, 539 F.2d 1194, 1195 (8th Cir. 1976). Since *Norton* was decided, however, that conclusion has been called into question. *See Jackson v. Virginia*, 443 U.S. 307, 317-18 (1979) (holding that proof beyond a reasonable doubt to secure a criminal conviction is constitutionally mandated); *see also, e.g.*, *United States v. Edun*, 750 F. Supp. 337, 338 (N.D. Ill. 1990)

---

[6] A witness testifying under oath or affirmation commits perjury "if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621), *abrogated on other grounds*, *United States v. Wells*, 519 U.S. 482 (1997). The Court is not persuaded that the inconsistencies identified by Hanson in the testimony of Bergeron and Meissner resulted from a willful intent to provide false testimony.

(rejecting the Eighth Circuit's pre-*Jackson* opinion in *Norton* and holding that a sufficiency of the evidence claim is cognizable in a § 2255 motion to the extent it challenges the constitutional basis of a conviction).  Even if Hanson's claim is properly raised in this § 2255 motion, however, the Court finds that the claim is procedurally defaulted.  Hanson raised a sufficiency of the evidence claim in his motion for judgment of acquittal, which this Court denied.  Hanson failed, however, to raise the claim on appeal.  As with his prosecutorial misconduct claim, Hanson has presented no evidence to establish "cause" and "prejudice" excusing the default.  As such, the Court denies Hanson's § 2255 motion to the extent it raises a sufficiency of the evidence claim.

## II.      CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  The Court finds it unlikely that another court would decide the issues raised in this § 2255 petition differently, or that any of the issues raised in Hanson's motion would be debatable among reasonable jurists.  Thus, Hanson has not made the required substantial showing of a denial of a constitutional right. The Court therefore denies a certificate of appealability in this matter.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 280] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to defendant.

DATED:   March 31, 2008  
at Minneapolis, Minnesota.

                    s/ John R. Tunheim  
                    JOHN R. TUNHEIM  
                    United States District Judge